FILED

DEC 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN A. SMITH,

  Plaintiff - Appellant,

v.

RANDY GROUNDS, Warden; et al.,

  Defendants - Appellees.

No. 12-17768

D.C. No. 2:11-cv-01410-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding[**]

Submitted November 19, 2013[***]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

  Former California state prisoner Brian A. Smith appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

---

  [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**]    Smith consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

  [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

defendants violated his Eighth and Fourteenth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under 28 U.S.C. § 1915A. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm.

The district court properly dismissed Smith's action because Smith failed to allege sufficient facts in his Fourth Amended Complaint showing that defendants violated his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see also Sandin v. Conner*, 515 U.S. 472, 483-84 (1995) (protected liberty or property interest only arises under Due Process Clause when a restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (for a deliberate indifference claim, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (elements for supervisory liability under § 1983).

We do not consider allegations raised for the first time on appeal. *See*

12-17768

*Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**